[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14278

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEREK MORALES-FIGUEROA,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00144-WWB-LHP-1

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Derek Morales-Figueroa appeals his 235-month sentence imposed after pleading guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine.  Morales-Figueroa argues that the district court (1) erred in applying a three-level enhancement under the sentencing guidelines based on the determination that he had a leadership or supervisory role in the crime; and (2) abused its discretion in denying his request for a downward variance sentence in light of mitigating factors.  The government moves to dismiss this appeal pursuant to the sentence-appeal waiver in Morales-Figueroa's plea agreement.

In response, Morales-Figueroa argues that the appeal waiver is unenforceable because the district court failed to adequately convey during his plea colloquy the circumstances under which he was waiving his right to appeal.  Furthermore, he states that the court's explanation was inadequate because he may have forgotten the contents of the waiver.  He also argues that the government never stated in the plea agreement that it would be seeking (or that Morales-Figueroa agreed to) a sentencing enhancement for being a leader in the conspiracy, and therefore, he could not "blindly waive" his right to appeal that issue.  Finally, he argues that appeal waivers do not prevent the correction of a miscarriage of justice, which includes the incorrect application of the Sentencing

Guidelines and the law.   After review, we conclude that the sentence-appeal waiver is valid and enforceable.   Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).   To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Paragraph B7 of Morales-Figueroa's plea agreement contained the following sentence-appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the

> sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis in original).

Morales-Figueroa initialed each page of the agreement and signed the plea agreement, including the certification that he had read the entirety of the agreement (or alternatively, that it had been read to him) and that he fully understood its terms.

At the change-of-plea hearing, the district court informed Morales-Figueroa that he faced a mandatory minimum of ten years' imprisonment and a maximum of life imprisonment, and Morales-Figueroa stated that he understood. Morales-Figueroa then confirmed that he had initialed the plea agreement at the bottom of each page and signed it at the end, and that he had read and reviewed the plea agreement with his counsel. He confirmed that he did not need any more time to review the agreement, and that his counsel had answered all of his questions regarding the agreement. The district court then reviewed the terms of the plea agreement with Morales-Figueroa. In particular, the district court asked whether Morales-Figueroa understood that, as part of his plea agreement, he agreed to "expressly waive the right to appeal [his] sentence in accordance with the limitations set forth in

paragraph B7 of [the] plea agreement," and Morales-Figueroa confirmed that he understood.

Morales-Figueroa's argument that the sentence-appeal waiver is unenforceable because it was not explained to him adequately is refuted by the record. Although the district court did not review the specific exceptions to the waiver during the plea colloquy, that fact alone does not render the appeal waiver invalid. *See United States v. Boyd*, 975 F.3d 1185, 1191–92 (11th Cir. 2020) (holding appeal waiver valid even though district court did not review the waiver's exceptions during the plea colloquy). Rather, in assessing whether an appeal waiver is knowing and voluntary, the question is whether the record demonstrates that it was "clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *Id.* at 1192 (alterations adopted) (quotations omitted). In this case, the appeal waiver stated unequivocally that Morales-Figueroa was waiving the right to appeal his sentence on "any ground" unless one of the following occurred—(1) the sentence exceeded the guidelines range as determined by the district court at sentencing; (2) the sentence exceeded the statutory maximum; or (3) Morales-Figueroa sought to challenge the sentence as violating the Eighth Amendment. Morales-Figueroa initialed each page of the plea agreement, including the page containing the appeal waiver, signed the agreement, and confirmed during the plea colloquy that the agreement was read to him and that he understood it. And during the plea colloquy, the district court orally explained to Morales-Figueroa that he was waiving his right to appeal except for under

the narrow set of circumstances specified in paragraph B7 of the plea agreement, and he stated he understood.  Thus, the record supports the conclusion that the waiver was clearly conveyed to Morales-Figueroa and that he understood the waiver.

Contrary to Morales-Figueroa's argument, there is no exception to appeal waivers based on (1) the likelihood that he may have forgotten the contents of his appeal waiver; (2) the fact that he did not know that the government intended to pursue a supervisory role enhancement; or (3) his belief that the district court committed an error in applying the guidelines.  *See United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error.").  Likewise, this "Circuit has never adopted a general 'miscarriage of justice' exception to the rule that valid appeal waivers must be enforced according to their terms." *King v. United States*, 41 F.4th 1363, 1368 n.3 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1771 (2023).

Consequently, the record establishes that Morales-Figueroa's sentence-appeal waiver was knowingly and voluntarily made and is enforceable.  *Boyd*, 975 F.3d at 1192; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").  Because his claims concerning the guidelines enhancement and the downward departure do not fall within any

22-14278               Opinion of the Court                    7

of the limited exceptions to the valid sentence-appeal waiver, the waiver forecloses his appeal. Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**